*G. W. S. Gates v. The Penna. Land & Lumber Company et al.

RIGHT OF ONE NOT A PARTY TO INTERVENE IN ATTACHMENT CASE.

A person not a party to the action claiming to own property upon which an attachment has been levied, cannot intervene for the purpose of determining his rights and ownership to the property attached. His remedy is by independent action.

HALE, J. (orally.)

This case is in this court by appeal, or supposed to be by appeal, from the court of common pleas.

We have been unable to find the petition in the case, but from the other pleadings and the journal entry the question made sufficiently appears.

It seems that Gates brought an action in the court of common pleas against the Penna. Lumber company and others to recover a money judgment; the action was one purely at law. In that action an attachment upon a proper affidavit filed was issued by the sheriff; and the records show that levy was made upon moneys belonging to defendants, or some one of them, amounting to something more than $12,000, not reached by garnishee process, but levy made upon the money, which the sheriff took into his possession. Mrs. Gerst, one of the defendants, confessed judgment for the amount of the claim against her. Publication was made, or an attempt to get service upon other defendants, by the publication of notice. After this judgment had been rendered against Mrs. Gerst, and while service was being made by publication upon other defendants, the defendant, Bradley, who appeals to this court, and who was not a party to the original action, on the 13th day of December, 1894, filed his motion asking permission to become a party to the action. The court granted his motion in these words, as the journal entry shows: "December 13, 1894. John Bradley has

leave to become a defendant herein, and to file an answer and cross petition instanter, but without prejudice to the right of the plaintiff or of any other of the defendants to object thereto by motion or otherwise." On the same day an answer and cross petition were filed by Bradley, and a motion made by him to vacate the judgment that had been rendered against Mrs. Gerst, and for a receiver in the action. This answer in substance states that he is a member of an association of persons located in Pittsburg, Penn.; that Delaney, one of the defendants to the original action, was the agent of that association, and that he had appropriated to his own use moneys of the association aggregating about $12,000, and that the money attached in the action brought by Gates was a part of the money thus appropriated by Delaney, and belonging to him and to his associates. It sets forth in detail his ownership of the property.

The plaintiff, on the 15th day of December, learning that this action had been taken by the court, permitting Bradley to become a party, filed a motion to vacate that order. On the same day the motion was heard and granted, and the order allowing Bradley to become defendant was vacated, and his cross petition and motions stricken from the files, and judgment rendered against Bradley for costs. It is from this order that Bradley appeals to this court.

First, we have to decide as to whether there was any judgment or order to appeal from. The nature of the first order allowing Bradley to become a party was conditional that the others might thereafter object; and the objection being promptly made, and the order set aside, we doubt very much whether there was any order from which an appeal could be taken to this court.

But we are not disposed to leave the case merely upon that suggestion. The question presented is one of very great interest as a question of practice, and it is simply this: whether the owner, or the party claiming ownership of property attached in an action at law not a party to the action, may intervene in the original action and contest his right to the property attached. That is attempted to be done here. The sections of the statute bearing directly upon this question are 5006 and 5014. 5006 reads as follows: "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of a question involved therein," and section 5014: "In an action for the recovery of real or personal property, a person claiming an interest in the property may, on his application, be made a party." These provisions of our code, and similar provisions of the codes of sister states, have frequently been construed by the courts, and the holding has uniformly been that these sections provide merely for the equitable rule that had prevailed in chancery practice prior to the adoption of the codes, and has no application in the class of cases we are here considering. Such has been the tendency of the decisions in *nisi prius* courts, and in the courts of last resort in this state.

Prof. Pomeroy, in his work "Remedies and Remedial Rights," after discussing the rule that is to control in those states which have merely the general statutory provisions to which I have referred, discusses another rule of practice applicable to those states in which there is express provision for intervening in this class of cases, and says, passing to the codes of Iowa and California: "We see that intervening arises at once to a proceeding of great importance. It may be resorted to in any and all actions and at every stage in the action prior to the commencement of the trial. The intervenor may have interest with the plaintiff or the defendant, or he may have an interest special to himself and adverse to both, and to the original parties. He does not ask the privilege of intervening, and obtain that privilege by law. He intervenes as a matter of right by filing his petition and getting service." This is only in those states where there is express provision in the statutes authorizing it to be done. In the absence of such provision we have been unable to find any authority for an allowance of the order here claimed. Property sought to be reached in an action for money only by one of the provisional remedies of the code is not the subject

matter of the action. The levy of an attachment before judgment is similar to a levy of an execution after judgment. The owner of personal property levied upon·by an attachment, if different from the one against whom the attachment issues, does not intervene and settle his rights in that case, but must resort to an action in replevin. So if levy is made upon real property, the owner does not intervene and ask that his rights to the property be determined in the original action, but he resorts to an independent action to assert his claim to the property attached. So that, as the statutes of the state now are, we do not believe that one simply claiming to own property upon which an attachment has been levied. may intervene for the purpose of determining his rights and ownership to the property attached. Any judgment or order the court may make cannot affect his rights in the least; if he is the owner of the property before the judgment he is the owner after judgment. He has all the remedies open to the owner of property for the protection of his property; but it must be by an independent action.

It is said it would be well if our statute would follow the example of those states that have provided for an intervention in this class of actions, thus preventing a multiplicy of actions. But we can see some inconvenience even in that mode. However, until the legislature has thus provided, we hold no such right to exist.

For Plaintiff, *A. A. Stearns, Esq.*

For Defendants, *Messrs. Everett, Dellenbaugh & Weed.*